**M. J. ULINE CO., Inc. v. CASHDAN et al.**

No. 9743.

United States Court of Appeals District of Columbia Circuit.

Argued May 4, 1948.
Decided Oct. 18, 1948.

---

Mr. John H. Burnett, of Washington, D.C., with whom Mr. Albert F. Adams, of Washington, D. C., was on the brief, for appellant. Mr. Chapin B. Bauman, of Washington, D. C., also entered an appearance for appellant.

Mr. Alexander M. Heron, of Washington, D. C., with whom Messrs. William R. Simpson, Jr. and John F. Donelan, both of Washington, D. C., were on the brief, for appellees.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

EDGERTON, Circuit Judge.

Appellee Genevieve Cashdan was struck and injured by a hockey stick during a game at which she was a spectator. She and her husband had paid for and were occupying front seats. They have recovered judgment against appellant, the corporation that owned the hockey rink and employed one of the teams. One of appellant's players raised his stick above his head and tried to strike a member of the other team. Beyond the fact that a hockey game was in active progress, there was nothing to show what the culprit's motive was. He missed his opponent and struck appellee. There was testimony that the game had been rough and that the referee had not been calling fouls.

The court instructed the jury that "* * * the player who struck the plaintiff Genevieve L. Cashdan was acting as a servant, agent, or employee of the defendant, M. J. Uline Company, Incorporated, and within the scope of his employment at the time the plaintiff was injured. Therefore, the acts and omissions of the said player were, in contemplation of law, the acts and omissions of the defendant * * *."

As we said in the Park Transfer Co. case, "A principal is not liable for his agent's tort unless it is 'within the scope of the agent's employment.' It is not within the scope of the employment if it is done for the agent's purposes only. Unless an assault, or other tort, is actuated in part at least by a purpose to serve a principal, the principal is not liable." Park Transfer Co. v. Lumbermens Mut. Casualty Co., 1944, 79 U.S.App.D.C. 48, 142 F.2d 100. It is possible that in trying to inflict serious bodily harm on an opponent the culprit was actuated in part by a purpose to win the game, or to make it interesting, and so to serve the appellant. If this was the fact, the blow was "within the scope of the

agent's employment" and the appellant was liable. The court was therefore right in declining to direct a verdict for the appellant. But the suggested conclusion as to the agent's purpose is not the only one at which a jury might reasonably have arrived. The culprit may have been, at the moment when he struck the blow, completely indifferent to the work he was employed to do and actuated only by anger or hostility toward the man he tried to injure. It follows that the question whether or not the blow was within the scope of the agent's employment should have been submitted to the jury.

Reversed.