172 So.2d 435 (1965)
CITY OF MIAMI, Florida, Petitioner,
v.
Roce SIMPSON, also known as Roe Simpson, Respondent.
No. 33036.
Supreme Court of Florida.
February 17, 1965.
Rehearing Denied March 29, 1965.
*436 John R. Barrett, City Atty., and John S. Lloyd, Asst. City Atty., for petitioner.
Rosenhouse & Rosenhouse, Nichols, Gaither, Beckham, Colson & Spence, and Alan R. Schwartz, Miami, for respondent.
Joseph A. Wanick, Miami Beach, William S. Frates, Miami, Ralph A. Marsicano, Tampa, Albert L. Weintraub and A. Jay Cristol, Miami, as amicus curiae.
THORNAL, Justice.
By a petition for certiorari we are requested to review a decision of a District Court of Appeal which has been certified to us as one passing on a question of great public interest.
We must decide whether a Florida municipality may be held liable for the intentional torts of its employees committed within the scope of their employment.
The respondent Simpson sued the City of Miami and two of its police officers for intentional torts alleged to have been committed upon him by the officers acting in the scope of their employment. He sought both compensatory and punitive damages. The trial judge entered a summary judgment in favor of the City. An appeal by Simpson to the Third District Court of Appeal raised the question as to whether a municipality is liable for the intentional torts committed by its employee. The District Court reversed the summary judgment which had been entered in the City's favor. This decision is now here for review. Simpson v. City of Miami et al., Fla.App., 155 So.2d 829.
The District Court resolved the problem with an affirmative answer. It based its decision upon its interpretation of our opinion in Hargrove v. Town of Cocoa Beach, Fla., 96 So.2d 130, 60 A.L.R.2d 1193. The respondent similarly relies upon Hargrove.
The petitioner, however, contends that Hargrove is inapplicable here because it involved negligence rather than an intentional wrong. On the other hand, petitioner claims support from the decision in Middleton v. City of Ft. Walton Beach, Fla.App., 113 So.2d 431. There the Court of Appeal, First District, held that Hargrove did not warrant the imposition of municipal liability for an intentional wrong.
Our jurisdiction to proceed directly to the merits stems from the certification by the District Court. Susco Car Rental System of Fla. v. Leonard, Fla., 112 So.2d 832. Additionally, there is a clear jurisdictional conflict between the decision in Middleton and that in the instant case.
Hargrove did involve negligence. Nevertheless, it was a definitive re-evaluation of the precedents on the subject of municipal immunity from tort liability. The nature of the wrong was not our primary concern. Rather, the thrust of the challenge was to eliminate the illogical and sometimes nebulous distinctions between so-called governmental and proprietary functions in solving problems in municipal tort liability. We disposed of the problem there by substantially eliminating the governmental-proprietary dichotomy and by *437 leveling liability on the doctrine of respondeat superior. True, Hargrove did not involve an intentional wrong. However, it constructed municipal liability on the broad foundation of respondeat superior. With the governmental-proprietary distinction eliminated  preserving immunity only in the exercise of legislative, quasi-legislative, judicial and quasi-judicial functions  we see no reason to restrict the respondeat superior concept to negligent torts. We, therefore, hold that the District Court properly applied the Hargrove concept in sustaining municipal liability for intentional torts committed by employees acting within the scope of their employment. In 1960, the same court had ruled similarly in City of Miami v. Albro, Fla.App., 120 So.2d 23. Indeed we, ourselves, had given pointed indication of the same view when in Hargrove we mentioned with approval the dissents in City of Miami v. Bethel, Fla., 65 So.2d 34. The dissenting justices there would have held the city liable for an intentional tort. In Hargrove we approved their dissents. Instead of extending the Hargrove doctrine, therefore, the holding here is simply a logical judicial antiphon to the concept there announced.
Moreover, this result is not novel. As early as 1921, the Supreme Court of North Carolina held a city liable for an intentional wrong committed by an employee while acting within the scope of his employment. Munick v. City of Durham, et al., 181 N.C. 188, 106 S.E. 665, 24 A.L.R. 538. In Munick the city was exercising a traditional proprietary function. However, Hargrove has abolished that distinction. During the same year the Supreme Court of California held to the same effect. Ruppe v. City of Los Angeles, 186 Cal. 400, 199 P. 496. More recently other courts have held municipalities responsible for intentional wrongs committed by their employees while acting within the scope of their employment. Jones v. City of Los Angeles, 215 Cal. App.2d 155, 30 Cal. Rptr. 124; Shakespeare v. City of Pasedena, Cal. App., 40 Cal. Rptr. 863; Sherbutte v. Marine City, 374 Mich. 48, 130 N.W.2d 920, and McAndrew v. Mularchuk, 33 N.J. 172, 162 A.2d 820, 88 A.L.R.2d 1313.
By way of caveat, we point out that a city is not liable for every wrong committed by an employee merely because he is a municipal employee. The limitations applicable to the liability of private employers are likewise applicable to municipalities. The liability of a master can arise in such instances only when the act of the servant is done within the real or apparent scope of the master's business. The master's liability does not arise when the servant steps aside from his employment to commit the tort or does the wrongful act to accomplish some purpose of his own. If the tort is activated by a purpose to serve the master or principal, then he is liable. Otherwise he is not. These generally are the rules applicable to private corporations which we adopt as controlling the liability of municipal corporations. Collazo v. John Campbell Farms, 5 Cir., 213 F.2d 255; Jacobi v. Claude Nolen, Inc., Fla. App., 122 So.2d 783; M.J. Uline Co. v. Cashdan, 84 U.S.App.D.C. 58, 171 F.2d 132. Generally the question whether the employee was acting within the scope of his employment should be deposited with the jury for resolution. Columbia By the Sea, Inc., v. Petty, Fla., 157 So.2d 190.
Amicus curiae suggests that any rule of liability such as we have above announced, should be made effective only prospectively. Great Northern Ry. v. Sunburst Oil and Ref. Co., 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360. We see no reason to apply the so-called Sunburst Oil doctrine of "prospective overruling" in the instant case. Actually, we have not here overruled or receded from precedent. The holding here was implicit in Hargrove. Indeed, by pointed reference to a prior decision, City of Miami v. Bethel, supra, we signaled the instant result. Hargrove was announced in 1957. The decision of the Third District Court of Appeal in City of Miami v. Albro, supra, was announced in 1960. It seems to *438 us that these were sufficient judicial warnings of the instant rule to suggest that municipalities were subject to this type of liability. It would be unfair to the respondent Simpson, if not an actual denial of his rights, to deprive him judicially of his cause of action, if he can establish that he has one.
With further reference to City of Miami v. Albro, supra, we note with approval the discussion of the District Court there regarding the standard of care to be imposed upon municipal police officers and other city employees charged with similar responsibilities. We share the view of that court that the standard of care imposed should give due regard to the type of duty which is required to be performed in the public interest.
The petitioner points to Thompson v. City of Jacksonville, Fla.App., 130 So.2d 105, as another decision of the First District adhering to non-liability for an intentional tort. We denied certiorari in City of Jacksonville v. Thompson, Fla., 147 So.2d 530. However, the complaint which reached us in Thompson was grounded on an act negligently done. The intentional tort problem did not jell there. The other District Court decisions cited by the petitioner are, Middleton v. City of Fort Walton Beach, supra; Calbeck v. Town of South Pasadena, Florida, Fla.App., 128 So.2d 138, and Gordon v. City of Belle Glade, Fla.App., 132 So.2d 449. It is sufficient to note that none of these was brought to us for review.
We note in concluding that the respondent Simpson claimed punitive damages against the city. This point is not discussed in the briefs because the District Court acted only on the intentional tort aspect of the matter. However, for the guidance of the trial court we mention that we have disposed of the punitive damages problem in Fisher v. City of Miami, et al., Fla., 172 So.2d 455, opinion filed 17th day of February, 1965.
Agreeing, as we do, with the decision of the District Court, the writ is discharged.
It is so ordered.
DREW, C.J., and THOMAS, ROBERTS, O'CONNELL and ERVIN, JJ., concur.
CALDWELL, J., dissents with opinion.
CALDWELL, Justice (dissenting).
Although the reform accomplished by Hargrove[1] and the extension of that reform attained by the majority herein may be salutary, I must dissent. If, prior to Hargrove, the established law was in any wise deficient, responsibility for its correction rested with the Legislative branch of the government.
NOTES
[1] Hargrove v. Town of Cocoa Beach, Fla., 96 So.2d 130, 60 A.L.R.2d 1193.