QUESTION: What effect, if any, does the state's waiver of sovereign immunity from tort liability contained in s. 768.28, F. S., have on the tort liability of municipalities?
SUMMARY: With the exception of immunity in the exercise of legislative, judicial, quasi-legislative, and quasijudicial functions, municipalities possessed no aspect of the state's sovereign immunity from tort liability upon which the state's waiver of sovereign immunity contained in s. 768.28, F. S., and the statutory limitations applicable thereto, could operate. By the enactment of s. 768.28, F. S. (Ch. 73-313, Laws of Florida, as amended by Ch. 74-235, Laws of Florida), the Florida Legislature waived the state's sovereign immunity from tort liability to the extent provided therein. See s. 768.28(1), which provides in part that "the state, for itself and for its agencies or subdivisions, hereby waives sovereign immunity for liability for torts, but only to the extent specified in this act"; s. 768.28(2), which defines the phrase "state agencies and subdivisions" to include municipalities; s. 768.28(5), which establishes the monetary limitations on the state's waiver; and s. 768.28(9), which precludes the personal liability of officers, employees, or agents of the state or its subdivisions for their negligent acts or omissions in the scope of their employment unless committed "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property." In light of the enactment of s. 768.28, F. S., which became effective generally on January 1, 1975, you pose specific questions as to the authority for, or efficacy of, a municipality appealing a "claims bill" enacted by the Florida Legislature; the Florida Legislature directing a municipality to pay a judgment in excess of the monetary limitations established in s. 768.28(5); and a municipality purchasing insurance to cover only that amount granted by a "claims bill" which is in excess of those monetary limitations. The following discussion, which is limited solely to a consideration of the effect, if any, of the state's waiver of sovereign immunity contained in s. 768.28 on the tort liability of municipalities under the doctrine of respondeat superior, should be dispositive of your questions. In Modlin v. City of Miami Beach, 201 So.2d 70, 73 (Fla. 1967), the Florida Supreme Court attempted to clarify its earlier decision in Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), as follows: . . . the Hargrove decision specifically reserved municipal tort immunity in the exercise of legislative, judicial, quasi-legislative, and quasi-judicial functions. Because private persons and corporations do not exercise legislative or judicial functions, this means that the tort liability of municipal corporations may now be equated with that of private corporations. The Hargrove specification of the legislative and judicial functions as constituting the area of continuing immunity obviously implies that the performance of the executive or administrative function will constitute the area of potential liability. . . . This judicial language states the essential status of municipal tort immunity prior to the enactment of s. 768.28, F. S. That is, except with respect to those activities which could properly be designated legislative, judicial, quasi-legislative, and quasi-judicial, a municipality was liable in tort under the doctrine of respondeat superior for any injuries or damages suffered as a result of the acts, events, or omissions of action, whether negligent or intentional, committed by its officers, employees, or agents in the scope of their employment or function the same as any private corporation. See also City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965); and Fisher v. City of Miami, 172 So.2d 455 (Fla. 1965). Therefore, I am of the opinion that with the exception of immunity in the exercise of legislative, judicial, quasi-legislative, and quasijudicial functions [which immunity may still exist on other grounds, see Rivello v. Cooper City, 322 So.2d 602 (4 D.C.A. Fla., 1975), and McNayr v. Kelly, 184 So.2d 428 (Fla. 1966)], municipalities possessed no aspect of the state's sovereign immunity from tort liability upon which the waiver contained in s.768.28, and the limitations specified therein, could operate. Cf. AGO 075-114. In sum, the state's waiver of sovereign immunity contained in s. 768.28 does not operate to limit in any substantive way the tort liability of municipalities under the doctrine of respondeat superior.