QUESTION: Is a firefighter, either paid or volunteer, personally liable in tort for damage to, or destruction of, private property (doors, windows, furniture, etc.) intentionally caused by him during the course of his attempts to contain and extinguish a fire?
SUMMARY: Under the privilege of public necessity, a firefighter is not personally liable for damage to, or destruction of, private property intentionally caused by him during his attempts to contain and extinguish a fire, provided that such damage or destruction is, or the affected firefighter reasonably believes it to be, necessary in order to prevent or mitigate the public injury which might otherwise result. A consideration of the circumstances in which a public entity (state, county, municipality, or special district) would be liable to indemnify the person whose property has been damaged or destroyed by a firefighter employed by that entity is outside the scope of this opinion. Cf. State Plant Board v. Smith, 110 So.2d 401 (Fla. 1959); Anno., 14 A.L.R.2d 73 (1950); also cf. City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965); City of Miami v. Albro, 120 So.2d 23, 26 (3 D.C.A. Fla., 1960), holding that, when exercising its police power for the protection of the public, a municipality is not liable in damages for every mistake of judgment made by its officers; s. 768.28, F. S., and AGO 076-41. According to Restatement (Second) of Torts s. 196 (1965), One is privileged to enter land in the possession of another if it is, or if the actor reasonably believes it to be, necessary for the purpose of averting public disaster. This public necessity privilege to enter land in the possession of another — which may be exercised in order to prevent or mitigate the effects of an impending disaster such as a conflagration, flood, earthquake, or pestilence — carries with it the privilege to tear down or destroy buildings and to perform other acts reasonably necessary to effectuate the purpose for which the privilege exists. Restatement, supra, comment f at 354; see also Restatement, supra, s. 262, stating a similar public necessity privilege for acts which would otherwise be a trespass to a chattel or conversion. Moreover, this public necessity privilege is not confined to an official representative of the public but is equally applicable to afford an effective defense to a private citizen so long as he acts for the purpose of the protection of the public against impending disaster. Restatement, supra, comment b at 494. However, the privilege must be exercised in a reasonable manner, and the actor must use reasonable care to avoid doing unnecessary harm to persons or things. Restatement, supra, comment e at 354. See generally 75 Am. Jur.2d Trespass s. 42; and Bowditch v. Boston,101 U.S. 16, 18 (1879); cf. City of Miami v. Simpson, supra, at 438, stating that the standard of care imposed upon municipal police officers and other city employees should give due regard to the type of duty which is required to be performed in the public interest. Applying the foregoing rule to the instant situation, it would appear that a firefighter will not be held personally liable in tort for damage to, or destruction of, private property intentionally caused by him during the course of his attempts to contain and extinguish a fire, provided that such damage or destruction is necessary, or reasonably appears to be necessary, in order to prevent or mitigate the public injury which might otherwise result.