569 F.2d 136
 186 U.S.App.D.C. 305, 3 Fed. R. Evid. Serv. 503
 INTERNATIONAL DISTRIBUTING CORPORATION, a Maryland
Corporation, Appellant,
v.
AMERICAN DISTRICT TELEGRAPH COMPANY et al., Appellees.
INTERNATIONAL DISTRIBUTING CORPORATION, a Maryland Corporation
v.
AMERICAN DISTRICT TELEGRAPH COMPANY, a West Virginia
Corporation, Appellant,
v.
George E. HINES, Walter T. Smith, Jr.
 Nos. 75-1261 and 75-1283.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Oct. 12, 1976.
Decided Dec. 19, 1977.
 
 Francis J. O'Toole, Washington D. C., with whom Milton Eisenberg, Washington D. C., was on the brief for appellant in No. 75-1261 and appellee in No. 75-1283.
 Peter Barnes, Washington D. C., for appellant in No. 75-1283 and appellee in No. 75-1261.
 Before BAZELON, Chief Judge, and TAMM and ROBB, Circuit Judges.
 Opinion for the Court filed by ROBB, Circuit Judge.
 ROBB, Circuit Judge:
 
 
 1
 This case arises from the theft of thousands of dollars worth of merchandise from a liquor store operated by International Distributing Corporation (IDC). IDC sued American District Telegraph Corporation (ADT), the company which provided a burglar alarm service to IDC. The theory of the suit was that two of ADT's employees committed the thefts.
 
 
 2
 The District Court granted summary judgment to the plaintiff (IDC) on the count of the complaint which alleged a breach of contract but granted summary judgment to the defendant (ADT) on the remaining counts. Both parties appealed.
 
 
 3
 We affirm the summary judgment on the contract count and reverse with respect to the counts sounding in tort.
 
 
 4
 The dispute in this case arises from a contract in which ADT agreed to provide burglar alarm service to IDC. The contract provided that when ADT received an alarm signal at its central monitoring station it would dispatch its employees to IDC's store. The employees would gain entry by using keys which IDC provided to ADT for this purpose. Unfortunately, this practice proved tantamount to letting the wolf into the sheepfold. Two of ADT's employees, Smith and Hines, repeatedly stole large quantities of liquor after using their keys to enter and check on real or bogus alarms.
 
 
 5
 IDC sued ADT in both contract and tort, basing the tort counts upon the theory of respondeat superior. Defendant ADT moved for summary judgment on the tort counts, and the District Court granted the motion. The court also granted summary judgment to the plaintiff sua sponte on the counts sounding in contract. However the court awarded damages of only $446.00 in accordance with a limitation of damages clause in the contract. We shall consider each of these actions briefly.
 
 I. CONTRACT COUNT
 
 6
 We turn first to the contract count of the complaint. Defendant ADT argues that the District Court should not have granted the motion for summary judgment. The motion, ADT argues, did not present facts which would be admissible as evidence at trial, as required by Rule 56(e) of the Federal Rules of Civil Procedure. ADT further argues that even if the evidence would be admissible, it is insufficient to support a summary judgment.
 
 
 7
 The summary judgment was based upon two documents. The first was an affidavit by the police officer who obtained confessions from Smith and Hines describing the perpetration of the thefts. The second was a transcript of Smith's and Hines' testimony at the criminal trial of one of their alleged co-conspirators. These two documents establish that Smith and Hines regularly stole from IDC by disabling the burglar alarms and misusing the keys IDC provided to ADT.
 
 
 8
 Notwithstanding ADT's assertion to the contrary, the affidavit and trial transcript proffered admissible evidence sufficient to support summary judgment on the contract claim. Smith's and Hines' incriminating statements would be admissible at trial, either through their own testimony, or if the culprits proved to be unavailable as witnesses, as statements against interest. See Fed.R.Evid. 804(b)(3). Furthermore, either an affidavit or a certified transcript of prior testimony may provide the basis for summary judgment. 6 Moore, Federal Practice, 56-203-204 (2d ed. 1976) and cases cited.
 
 
 9
 The affidavit and transcript establish prima facie a breach of ADT's contractual duty to provide continuous alarm service, and are opposed only by ADT's bare allegation that Smith and Hines did not commit the thefts. But a party may not avoid summary judgment by mere allegations unsupported by affidavit. Fed.R.Civ.P. 56(e). Hence, summary judgment for IDC on the contract count was proper.
 
 
 10
 IDC, of course, agrees that this summary judgment in its favor is proper, but maintains that the District Court improperly limited damages to $446.00. The District Court fully analyzed this contention before rejecting it, and we need not repeat that analysis, which we think is correct.
 
 II. TORT COUNTS
 
 11
 We turn next to the counts of the complaint sounding in tort. The District Court concluded that the defendant ADT was not liable on the theory of respondeat superior and granted summary judgment accordingly. We agree that ADT would not be vicariously liable. However we reverse because ADT may be directly liable under another theory: negligent supervision of its employees.
 
 
 12
 We first consider IDC's argument that ADT is liable on the theory of respondeat superior. IDC argues that ADT should be liable if the torts committed by ADT's employer were foreseeable, regardless of whether the thefts were committed in furtherance of the employer's interest. In support of this proposition the IDC cites our decision in Lyon v. Carey, 174 U.S.App.D.C. 422, 533 F.2d 649 (1976). But Lyon v. Carey did not purport to establish such a rule. In the District of Columbia, " '(u)nless an assault, or other tort, is actuated in part at least by a purpose to serve a principal, the principal is not liable.' " Meyers v. National Detective Agency, Inc., 281 A.2d 435, 437 (D.C.C.A.1971), quoting M. J. Uline Co. v. Cashdan, 84 U.S.App.D.C. 58, 59, 171 F.2d 132, 133 (1948). Nothing in Lyon v. Carey changes this rule. In the Lyon case we held that a department store may be liable for an assault committed by one of its deliverymen. The assault grew out of a dispute over payment for the delivered goods, and the lynchpin of our decision was that the dispute was originally undertaken on the employer's behalf. We noted that the employer would be liable if the assault "was the outgrowth of a job-related controversy", but not if the assault was "simply a personal adventure of the deliveryman . . . ." Lyon v. Carey, supra, 174 U.S.App.D.C. at 424, 533 F.2d at 651. We remarked that the assault by the deliveryman "was perhaps at the outer bounds of respondeat superior . . . ." Id.
 
 
 13
 It is clear that the thefts in this case were "simply a personal adventure" which did not spring from any purpose to serve the employer. Hence the District Court correctly refused to impose vicarious liability upon ADT.
 
 
 14
 Nevertheless the District Court should not have granted defendant ADT summary judgment on the tort claims, for a jury could have held ADT directly liable for negligent supervision.
 
 
 15
 It is true that plaintiff IDC did not plead the theory of negligent supervision. However federal courts grant the parties the relief to which the facts entitle them, even if the proper theory has not been pled. 10 C. Wright & A. Miller, Federal Practice and Procedure § 2664 at 120-121 (1973), and cases cited.
 
 
 16
 The facts on the record to date would plainly support an inference that ADT was negligent in its supervision of Smith and Hines. It is clear that an employer may be liable for negligent breach of its duty to supervise its employees. Restatement (Second) of Agency § 213(c); see W. Seavy, Law of Agency 138 (1964). And an employer has a duty to supervise those of its employees who are privileged because of their employment to enter another's property. This duty extends even to activities which, like theft, are outside the scope of employment. Restatement (Second) of Torts § 317 and accompanying comments.
 
 
 17
 On the record established to date in this case, a jury could reasonably conclude that ADT did not exercise reasonable care to supervise its employees. The thieves were able to bypass the alarm system and enter the protected premises at will, conducting a burglary of one of ADT's customers nearly every other day and looting IDC's store ten to fifteen times. A jury might conclude from these facts that the occasional spot checks conducted by ADT were inadequate in view of the ease with which employees could conduct major thefts. Consequently, the summary judgment on the tort counts must be reversed and the case remanded for trial.
 
 The judgment is
 
 18
 Reversed in part, Affirmed in part.