Joseph J. PROIETTI, Appellant,

v.

Benjamin R. CIVILETTI,* Attorney General of the United States, Appellee.

No. 76–3129.

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1979.

Byron J. Lawler, Stockdale, Peckham, Estes, Ramsey, Lawler & Iorillio, Los Angeles, Cal., for appellant.

Dzintra I. Janavs, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before ELY and TRASK, Circuit Judges, and EAST,** District Judge.

ELY, Circuit Judge:

The appellant Proietti appeals from an adverse judgment entered by the District Court, based upon the court's conclusion that Edward H. Levi, the then Attorney General of the United States, did not abuse his discretion in finding that Proietti, a serviceman with the rank of sergeant, was acting outside the scope of his Air Force employment and was, therefore, not entitled to United States Government representation in defending an action for personal

---

* Benjamin R. Civiletti, the current Attorney General, is substituted as the appellee in place of Edward H. Levi, the original defendant and appellee in this cause.  Fed.R.App.P. 43.

** The Honorable William G. East, Senior United States District Judge, District of Oregon, sitting by designation.

injury and property damages in a California State Court. We reverse.

This litigation arose out of an automobile accident that occurred on October 12, 1970, on March Air Force Base in San Bernardino, California. While driving his personally owned automobile within the confines of the Base, Proietti was involved in a two-car accident. Lilly A. Nakatani, an occupant of the second car, suffered damages from the collision.

At the time of the accident, Proietti was in uniform, and he asserts that he was engaged in his official duties. Proietti's duties included the completion of Air Force examination forms, and a part of this job involved the obtaining of information from the Base hospital, located about one mile from Proietti's duty office. The accident occurred while Proietti was coming from the hospital and returning to his office with laboratory slips. Thus, it is not disputed that Proietti was using his vehicle in the furtherance of government business at the time of the accident.

Sergeant Proietti admitted that he did not often use his personal vehicle for government business, and that when he did, he usually also included some personal errand. He never requested nor received any reimbursement for the use of his automobile on government business. Proietti's supervisor stated in an affidavit that no one with authority had directed or authorized Proietti to use his automobile in the performance of his military duties. The supervisor also stated that Proietti used his car "for said Sergeant's sole convenience and . . . not of necessity", since a base bus service operated between the hospital and Proietti's duty office. He concluded by noting that the distance between the locations did not preclude walking.

On June 21, 1971, Nakatani instituted a California state court action to recover her alleged damages. On January 7, 1972, Proietti requested that the United States defend him in that action pursuant to 28 U.S.C. § 2679. The Attorney General, however, refused to certify that Proietti was acting within the scope of his employment at the time of the accident; thus, the Government refused to defend him.

On February 9, 1973, Proietti filed the present action. The District Court held an evidentiary hearing on September 11, 1973, on the issue of whether Proietti was in the scope of his employment at the time of the accident. The District Court decided the issue *de novo*. On September 21, 1973, judgment was entered for the Attorney General. On appeal, our court held that the Attorney General's decision was reviewable under the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*, and that the District Court erred in conducting a *de novo* hearing. *Proietti v. Levi*, 530 F.2d 836 (9th Cir. 1976). Over the strong dissent of Judge Wright, our court found that the administrative record was inadequate for purposes of review and remanded the matter with instructions that the Attorney General be required to supplement the record with a copy of his decision. *Id.*

On remand, the attorney General was apparently unable to produce any additional evidence to support the critical conclusion that Proietti was acting outside the scope of his employment at the time in question. He did submit, however, what he characterized as "memoranda representing the decision of the Attorney General not to certify that Sgt. Proietti was acting in the scope and course of employment." Proietti moved for summary judgment, which the Attorney General opposed. The Attorney General contended that on the basis of the record before the court, judgment should be entered in his favor. The District Court agreed with this contention and entered judgment accordingly. This second appeal followed.

The applicable standard of review is whether the decision of the Attorney General was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Again, we look to the administrative record for purposes of this review. While the "memoranda representing the decision of the Attorney General" are clearly not models of thoroughness, they are not so inadequate,

when coupled with the remainder of the record, that we should now, for a second time, remand the matter for further proceedings. A fully detailed decision is not required from an agency "so long as its conclusions and underlying reasons may be discerned with confidence." *O–J Transport Co. v. United States,* 536 F.2d 126, 130 (6th Cir. 1976), *cert. denied,* 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976). *See also Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 285–86, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). The administrative record in the present case now does include the decision of the Attorney General to deny representation. The reason for his decision stems from the conclusion that "Sgt. Proietti was not operating within the scope of his employment" at the time of the accident. This conclusion was clearly based upon the information elicited from Sgt. Proietti and his immediate supervisor, all of which is contained in the administrative record. Thus, it does not appear that "further explanation is necessary to a proper assessment of the agency's decision." *Camp v. Pitts,* 411 U.S. 138, 143, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973).

▪ The question of whether a government employee was within the scope of his employment for purposes of a suit instituted under the Federal Tort Claims Act is controlled by "the *respondeat superior* principles of . . . the state wherein the alleged tort was committed. *Williams v. United States,* 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955) . . . ." *United States v. McRoberts,* 409 F.2d 195, 197 (9th Cir. 1969).

Since 28 U.S.C. § 2671 provides, "as used in this chapter [such chapter including §§ 2671–80] and sections 1346(b) and 2401(b) of this title," and then proceeds to define, *inter alia,* " 'Acting within the scope of his office or employment,' " it is reasonable to conclude that the rule of

*Williams, supra,* applies whether the action is brought under section 1346, 2674, or 2679.

*Proietti v. Levi,* 530 F.2d 836, 840 (9th Cir. 1976) (Wright, J., dissenting). The Attorney General does not dispute or challenge this interpretation.

▪ California's rule as to course and scope of employment is broad. *See Proietti v. Levi, supra* (analysis of California law by Judge Wright, dissenting). *See also Book of Approved Jury Instructions,* Instr. 13.01, California Jury Instructions, 6th ed.[1] Our study of the entire administrative record and the relevant law of California drives us to the ineluctable conclusion that the Attorney General abused his discretion in refusing to certify that Sgt. Proietti was acting within the scope of his employment at the time of the accident. We, therefore, hold that the appellant is entitled to legal representation in the state court action, representation to be provided by the Government pursuant to the Federal Drivers Act, 28 U.S.C. § 2679.

REVERSED AND REMANDED.

---

1. It is not necessary that a particular act or failure to act be expressly authorized by the principal to bring it within the scope of the agent's [authority] [employment]. Such conduct is within the scope of his [authority] [employment] if it occurs while the agent is engaged in the duties which he was employed to perform and related to those duties. Conduct for the benefit of the principal which is incidental to, customarily connected with or reasonably necessary for the performance of an authorized act is within the scope of the agent's [authority] [employment].