529 So.2d 1248 (1988)
M.V., a Minor, by and through His Mother and Next Friend, W.W., and W.W., Individually, Appellants,
v.
GULF RIDGE COUNCIL BOY SCOUTS OF AMERICA, INC., a Corporation, Appellee.
Nos. 87-2731, 87-2981.
District Court of Appeal of Florida, Second District.
August 17, 1988.
Joel D. Eaton of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., Miami; Adam H. Lawrence of Lawrence & Daniels, Miami; and Wagner, Cunningham, Vaughan & McLaughlin, P.A., Tampa, for appellants.
James J. Evangelista of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
PARKER, Judge.
This case involves whether the Gulf Ridge Council Boy Scouts of America, Inc. may be held liable in damages for the alleged emotional distress caused to a boy scout by the intentional homosexual acts of a first aid attendant at a camp operated by the Council. We affirm the directed verdicts in favor of appellee on all issues except the issue of respondeat superior. We reverse and remand this case for the jury to resolve the appellants' cause of action under the doctrine of respondeat superior.
The appellants' amended complaint contained four counts, two of which sought relief against appellee. Count I was a claim against appellee for negligent retention and supervision of the employee tort-feasor and count IV was a claim against appellee for punitive damages.
Appellee must have had constructive or actual notice of the employee's unfitness to work as a first aid attendant at the camp to be liable for negligent retention and supervision. See Garcia v. Duffy, 492 So.2d 435 (Fla. 2d DCA 1986); Stephenson v. School Bd. of Polk County, 467 So.2d 1112 (Fla. 2d DCA 1985). The trial judge correctly directed a verdict for appellee on these claims. We further agree that the directed verdict in appellee's favor on the claim for punitive damages should be upheld. An employer may not be held liable for punitive damages unless there was some fault on the employer's part. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981); Alexander *1249 v. Alterman Transp. Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977).
We next discuss appellants' claim against appellee for compensatory damages under the theory of respondeat superior. Although not pleaded by appellants, apparently both parties tried this issue by consent, pursuant to Florida Rule of Civil Procedure 1.190(b). The trial court erred in directing a verdict on count I of the amended complaint under the theory of respondeat superior. The application of the doctrine of respondeat superior for the intentional acts of an employee, as set forth by the supreme court in City of Miami v. Simpson, 172 So.2d 435 (Fla. 1965), is still controlling. There, the supreme court held that the quintessential factor in determining the master's liability for the servant's wrongs, either intentional or negligent, is whether the servant acted within the real or apparent scope of the master's business. Id. at 437. There is no liability for the master when the servant steps aside from his employment to commit a wrongful act to accomplish some purpose of his own. Simpson further held that generally the jury should resolve the question of whether the employee was acting within the scope of his employment. Id.; see also Columbia By The Sea, Inc. v. Petty, 157 So.2d 190 (Fla. 2d DCA 1963). In this case, likewise, the issue of appellee's liability was a jury question.
The cases relied upon by the appellee are each distinguishable. Byrd v. Richardson-Greenshields Securities, Inc., 527 So.2d 899 (Fla. 2d DCA 1988), is strictly limited to the question of the exclusivity of the remedy of worker's compensation by an employee against an employer for an intentional tort committed by a fellow employee. The appellee also relied on Schwartz v. Zippy Mart, Inc., 470 So.2d 720 (Fla. 1st DCA 1985) (en banc) for the conclusion that a person who can be classified as the alter ego of a corporate employer must have had notice of the intentional acts of a lower level employee before the employer can be held liable. It is significant that this language was contained in the part of the Schwartz opinion which held that an employer cannot expressly authorize the intentional infliction of an injury upon an employee [by having notice of the wrongful conduct] and still claim that worker's compensation provides the exclusive remedy. This is simply inapplicable to our case. Schwartz, however, also discussed the issue of an employer's vicarious liability for the intentional acts of its employee and that holding is consistent with the view discussed in this opinion. Schwartz held that the employer may be held liable for the intentional act of the employee under the theory of respondeat superior if the employee's misconduct occurred within the scope of the employment. Schwartz relied on the test set forth in Morrison Motor Company v. Manheim Services Corporation, 346 So.2d 102 (Fla. 2d DCA 1977), cert. denied, 354 So.2d 983 (Fla. 1978). The Morrison court stated: "The convenient test is whether the employee was doing what his employment contemplated." 346 So.2d at 104 (citing Weiss v. Jacobson, 62 So.2d 904 (Fla. 1953)).
Applying Schwartz and Morrison to this case, the intentional tort here is a "mixed bag" involving medically permitted touching followed by unpermitted touching. This created a jury question of whether the employee's intentional tort was within the scope of his employment with appellee.
We therefore affirm directed verdicts in favor of the appellee on count I under the theories of negligent retention and supervision and under count IV for punitive damages. We reverse the directed verdict against the appellants and in favor of the appellee in count I of the amended complaint under the theory of respondeat superior and remand for a new trial.
Affirmed in part; reversed in part.
CAMPBELL, C.J., and LEHAN, J., concur.