Phyllis I. WILLIAMS

v.

Guy MORGAN, U.S. Department
of Agriculture.

Civ. A. No. 89–1994.

United States District Court,
District of Columbia.

Sept. 12, 1989.

Kenneth Shepherd, Washington, D.C., for plaintiff.

Sharon A. Cohen, Asst. U.S. Atty., Civ. Div., Penelope J. Stetina, George Chuzi, Michael J. Budow, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

This matter is before this Court on the motion of defendant Guy Morgan, a supervisory employee of the Federal Grain Inspection Service, U.S. Department of Agriculture, to "find and certify" that he was acting within the scope of his employment on January 13, 1986, when the event giving rise to this lawsuit occurred. Plaintiff Phyllis Williams, a fellow employee of Morgan's at the Department of Agriculture, charges Morgan with an assault and battery upon her while both were at work at the Department in Washington, D.C. The Attorney General has twice refused Morgan's request that the Attorney General so certify, and the Attorney General now opposes Morgan's motion here, after having first removed the underlying case from state to federal court.

The consequence of the certification Morgan seeks, were it to be forthcoming from either the Attorney General or the Court, would be to cause the United States to be substituted for Morgan as the sole defendant, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, ("FTCA"), and render it alone liable (if at all), upon the claim asserted in Williams' common law tort case, filed in January, 1987, in the Superior Court of the District of Columbia.[1]

■ Morgan's motion is made pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, Pub.L. No. 100–694, 102 Stat. 4563 ("FELRTCA"), which amended the FTCA in certain particulars, and as specifically relevant here, to preclude the independent personal liability of a federal employee for injury caused by his "negligent or wrongful act or omission ... while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1).[2] The FTCA provides that the liability of the United States in tort is to be determined by "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). *See Proietti v. Civiletti,* 603 F.2d 88, 90 (9th Cir.1979). The District of Columbia has adopted the test of the *Restatement (Second) of Agency,* § 228 (1957) as to when the doctrine of *respondeat superior* operates in the context of assaults committed by employees.[3] *Moseley v. Second New St. Paul Baptist Church,* 534 A.2d 346, 348 n. 4 (D.C.1987). The *Restatement* declares, in pertinent part, that a servant's conduct is within the scope of employment if, but only if, it is "of the kind he is employed to perform," is "actuated, at least in part, by a purpose to serve

1. If, however, the United States is the only proper party-defendant, its sovereign immunity may bar plaintiff's recovery altogether, for 28 U.S.C. § 2680(h) expressly excludes, from the waiver of sovereign immunity effected by the FTCA, claims, *inter alia,* "arising out of assault [or] battery." *But cf. Sheridan v. United States,* — U.S. ——, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988).

2. FELRTCA also prescribes the procedure for resolution of the scope-of-employment issue in advance of trial, viz., by an application to the Attorney General for a certification in the affirmative, failing which by petition to the court in which the action is pending. The Attorney General may remove the action, as he has done here, from a state to federal court. 28 U.S.C. § 2679(d)(3).

The scope-of-employment issue is regarded as one of law, not fact. *Hoston v. Silbert,* 681 F.2d 876, 879 (D.C.Cir.1982). And it is, apparently, to be determined *de novo* by a "finding" of the court, since the Attorney General's decision is not subject to judicial review. *See Falkowski v. EEOC,* 783 F.2d 252 (D.C.Cir.), *cert. denied,* 478 U.S. 1014, 106 S.Ct. 3319, 92 L.Ed.2d 727 (1986).

3. A federal employee's entitlement to *official immunity* under *Barr v. Matteo,* 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959), for his own conduct in the course of duty, in contrast, is ascertained by reference to principles of federal law. *Howard v. Lyons,* 360 U.S. 593, 597, 79 S.Ct. 1331, 1333, 3 L.Ed.2d 1454 (1959).

the master," and the use of force against another "is not unexpectable" by the master." *Restatement (Second) of Agency*, § 228(1) (1957). The *Restatement* continues to explain that conduct is *not* within the scope of employment if it is "different in kind from that authorized ... or too little actuated by a purpose to serve the master." *Id.*, § 228(2). *See also International Distributing Corp. v. American District Telegraph Co.*, 569 F.2d 136, 139 (D.C.Cir.1977).

In the instant case, it is conceded that, engaging in some early morning horseplay in the office where both worked, Morgan struck Williams on the back with some papers and/or file folders. In her instinctive recoil from the impact, Williams twisted and seriously injured her back. Neither party contends that the blow, however gently or forcefully delivered, was actually intended to inflict any injury to Williams. It is nevertheless clear, however, that Morgan did intend to make contact with Williams' person. Morgan's own description of the incident, in his deposition of July 2, 1987, pp. 4–5, belies any suggestion of accidental contact:

Q. What happened between you and Phyllis Williams in January of 1986?

A. In the incident, I was at work and Miss Williams came into work, entered the office and went behind her desk. She was putting her purse away and taking off her coat. I had previously got some papers out of the file. I was coming from my office, returning the papers to the file, and as I passed her I impulsively reached out and tapped her on her shoulder and let her forth [sic] with what I felt was a real exuberant good morning. Miss Williams at the time swung around and hit me on the shoulder and said:. don't hit me. I went and put the papers back in the file and returned to my office.

Morgan argues that FELRTCA was enacted to insulate a federal employee from personal liability in such cases as this, in which ill-advised, even foolish, behavior at work results in an "incidental" or "casual" injury, whether the employee's conduct could be simply characterized as careless, i.e., negligent, or must be classified as an intentional tort for legal purposes.[4] He quotes from the legislative history of the FELRTCA: "If an employee is accused of egregious misconduct, rather than mere negligence or poor judgment, then the United States may not be substituted as the defendant," and the employee remains personally liable. H.R. 100–700 at 5, 100th Cong., 2d Sess., *reprinted in* 1988 U.S. Code Cong. & Admin.News 5945, 5949. Morgan thus contends that the standard for determining scope of employment is "egregiousness," and that the behavior at issue in this case does not rise to that level.[5]

█ The statute, in terms, however, declares that the protection it affords federal employees against civil liability for their official activities depends entirely upon whether they were acting "within the scope of [their] office or employment"

---

4. The D.C. Court of Appeals has defined a "battery" as a "harmful or offensive contact with a person, resulting from an act intended to cause [that person] ... to suffer such a contact ..." *Person v. Children's Hospital National Medical Center*, 562 A.2d 648, 650 (D.C.App.1989), quoting from Keeton, Dobbs, Keeton & Owen, *Prosser and Keeton on Torts*, § 9 (1984).

5. FELRTCA was, Morgan argues, inspired by, and intended to redress the decision in *Westfall v. Erwin*, 484 U.S. 292, 108 S.Ct. 580, 98 L.Ed.2d 619 (1988), in which the Supreme Court affirmed the reinstatement of a state court civil complaint by a federal employee against several of his supervisors whose alleged negligence in directing the handling of caustic material had caused the plaintiff's chemical burns. The Supreme Court held that a federal employee who causes injury to another person in the course of his work enjoys no immunity from personal liability for common law torts merely by reason of the fact that he was acting within the scope of his employment at the time. The immunity conferred by the Supreme Court's decision in *Barr v. Matteo, supra,* n. 3 obtains only as to "discretionary" action within the ambit of the employee's duties, and then only to the extent necessary to assure that the employee's discretion will be exercised uninhibited by fear of personal liability. The Supreme Court invited Congress to legislate standards governing the immunity of federal employees involved in state-law tort actions. FELRTCA was the result.

when they caused injury. 28 U.S.C. § 2679(b)(1). There are no other conditions or qualifications imposed, whether relating to the innocence of the employee's purpose, the gravity of the offense, or the severity of the resulting injury. The ability of a federal employee to take refuge behind the exclusive liability of the United States under the FTCA, as it has been amended by FELRTCA, is simply a function of the requirements of his or her job. Thus, the application of physical force to the person of another that ultimately proves to be tortious may well be all in a day's work for a federal law enforcement officer. *See, e.g., Hoston v. Silbert,* 681 F.2d 876 (D.C. Cir.1982). It is seldom necessary, however (and certainly not shown by the evidence here to have been required in this case), that an official of the Federal Grain Inspection Service, U.S. Department of Agriculture, must lay violent hands upon a subordinate in the performance of his duties. *See, e.g., McKinney v. Whitfield,* 736 F.2d 766 (D.C.Cir.1984). Morgan's folly was beyond the scope of his employment.

■ Morgan observes that the United States has already acknowledged some responsibility to Williams by paying her medical expenses under the Federal Employees Compensation Act, 5 U.S.C. §§ 8101 *et seq.* That responsibility, however, was an independently assumed direct liability to Williams under an unrelated workers' compensation statute, which protects all federal employees injured on the job in the course of their own employment, and without regard to whether the source of the injury is a co-worker. It is altogether irrelevant to the imposition of a further vicarious, fault-based liability upon the United States which turns upon whether a fellow servant who caused the injury was himself acting for the government at the time.

For the foregoing reasons, therefore, it is, this 12th day of September, 1989,

ORDERED, that Defendant, Guy Morgan's motion to certify is denied, and this case is remanded to the Superior Court; and it is

FURTHER ORDERED, that the foregoing remand is stayed for a period of ten (10) days to permit an appeal to be taken herefrom, and a further stay of remand sought from the Court of Appeals.