SCHWARTZ, Chief Judge.
While transacting business at a bank in Miami Beach, Woodall got into an altercation concerning their respective places in a teller’s line with Edward Santiago, a plainclothes Miami Beach police officer who was at the bank to cash a personal check. After some initial pushing and shoving — as to which each blamed the other — Santiago showed his badge, and allegedly with excessive force but without probable cause, arrested Woodall for “battery on a police officer.” In the tort action which followed, the trial judge granted summary judgment for the appellee City of Miami Beach on the ground that Santiago was not acting within the course and scope of his employment as a matter of law.
We agree that the city is not liable for any misconduct in the initial encounter between the plaintiff and Santiago because it clearly appears that, at that point, the officer was acting only for personal reasons and motivations. See Perez v. Zazo, 498 So.2d 463 (Fla. 3d DCA 1986).
The opposite is true with respect to Santiago’s allegedly tortious conduct in arresting and imprisoning the plaintiff and in the use of force in doing so. It is obvious that at least a jury question[1] is presented as to the liability of a municipality'for the conduct, like this, of a duly employed police officer in the purported enforcement of the law within the city. § 768.28(9)(a), Fla. Stat. (1991); City of Miami v. Simpson, 172 So.2d 435 (Fla.1965); Maybin v. Thompson, 514 So.2d 1129 (Fla. 2d DCA 1987); Richardson v. City of Pompano Beach, 511 So.2d 1121 (Fla. 4th DCA 1987), review denied, 519 So.2d 986 (Fla.1988); see Dean v. Rouillier, 597 So.2d 961 (Fla. 5th DCA 1992). The judgment is therefore reversed as to the liability of the city for the arrest and post arrest actions of Santiago and for further proceedings consistent herewith.
Affirmed in part, reversed in part.

. This holding does not preclude a determination that Woodall may be himself entitled to a partial summary judgment or a directed verdict on this issue after remand.