BARKDULL, Judge.
We reverse a final order dismissing an amended complaint seeking damages for *772 state tort and federal civil rights damages pursuant to 42 U.S.C. § 1983 for the use of excessive force in the apprehension of a fleeing felon by a police dog. The trial court, in its final order of dismissal, cited Chew v. Gates, 744 F.Supp. 952 (C.D.Cal.1990) as authority for dismissal and had heard argument for dismissing the civil rights claim pursuant to a pleading requirement under Leatherman v. Tarrant County Narcotics Intelligence, 954 F.2d 1054 (5th Cir.1992). Both Gates and Leatherman have been reversed or modified since entry of the final order of dismissal. See Chew v. Gates, 27 F.3d 1432 (9th Cir.1994) and Leatherman v. Tarrant County Narcotics Intelligence, — U.S. —, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). Following review of the applicable authority as to excessive force in arrest, we reverse the dismissal of the state tort and the civil rights counts of the amended complaint. See Graham v. Connor, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); Tennessee v. Garner, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985); Kerr v. City of West Palm Beach, 875 F.2d 1546 (11th Cir.1989); Searer v. Wells, 837 F.Supp. 1198 (M.D.Fla.1993); City of Pinellas Park v. Brown, 604 So.2d 1222 (Fla. 1992); Woodall v. City of Miami Beach, 599 So.2d 231 (Fla. 3d DCA 1992); Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985)
We also reverse the dismissal of the derivative action, seeking among other things, medical expenses, see Yordon v. Savage, 279 So.2d 844 (Fla.1973), and the further derivative claim for loss of consortium under the civil rights claims. Although there appears to be a split of authority on this latter claim, see Bell v. City of Milwaukee, 746 F.2d 1205, 1243-45 (7th Cir.1984); hut cf. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985), no authority has been cited or found on this issue in Florida. Further, we do not believe that the validity of this claim for loss of consortium under 42 U.S.C. § 1983 is ripe for determination at this time, in this court. Because the trial court dismissed the state tort claim and the civil rights claim, it was therefore required to dismiss the derivative claims. Now that we have reinstated the underlying claims, the derivative claims may be appropriate; we leave these questions to the trial court in the first instance.
This opinion shall not be construed as preventing any defendant from raising any defense to the amended complaint, or the trial court considering any motion for summary judgment.
Reversed and remanded with directions.