WHATLEY, Judge.
For the purposes of this opinion, we consolidate these two cases, in which identical amended final summary judgments were entered in favor of the appellees, Carlos Zubillaga, M.D., Carlos Zubillaga, M.D., P.A., and West Florida Neurological Associates, in the tort actions filed by the appellants, Denise Blackford and Darlene Paneson. We reverse.
The appellants filed nearly identical complaints against the appellees for damages based on the conduct of Dr. Danny Iskandar, who formerly practiced at West Florida Neurological Associates. The appellants alleged that Dr. Iskandar intentionally and unlawfully touched them in a sexual manner in the course of conducting neurological examinations and procedures in 1992 and 1993. Their depositions reveal that this touching included the digital penetration of one of the appellants. They also alleged that the appellees knew about and condoned this conduct. This allegation was based on Dr. Zubillaga’s deposition testimony that in 1989 and 1991, he had taken over the care of three female patients who had complained of inappropriate conduct on the part of Dr. Iskandar. Specifically, Dr. Iskandar performed breast examinations on two of these patients without a witness in the room. He directed the third patient to disrobe, again without a witness present, and he conducted a nerve conduction study during which he touched the woman’s genitalia and rubbed his groin against her arm. Dr. Zubillaga talked with each woman about Dr. Iskandar’s actions and found them believable. After each of the incidents, Dr. Zubillaga and his other partner, Dr. Lynde, discussed their concerns with Dr. Iskandar and advised him that he should have a female chaperone in the examination room.
In the amended final summary judgments, the trial court stated that there was an issue of fact whether Dr. Iskandar and Dr. Zubillaga or his professional association were partners. The court proceeded to assume there was a partnership and stated that it could find no law imposing a duty to warn or protect against the possible intentional torts of a partner.
The principles of agency govern a partner’s liability for the actions of a fellow partner. See Soden v. Starkman, 218 So.2d 763 (Fla. 3d DCA 1969). This precept has been codified in the Uniform Partnership Act (UPA), section 620.575(2), Florida Statutes (1993). The UPA provides, in pertinent part, that a partnership is hable “when loss or injury is caused to a person, not a partner in the partnership ... by a wrongful act ... of a partner acting in the ordinary course of the business of the partnership or with the authority of his copartners.... ” § 620.62, Fla. Stat. (1993). See also Soden, 218 So.2d at 764 (partners are liable for intentional torts of copartners if those torts are committed within the actual or apparent scope of partnership business or with the approval or ratification or at the direction of a fellow partner). See also Nazareth v. Herndon Ambulance Serv., Inc., 467 So.2d 1076, 1078 (Fla. 5th DCA 1985) (“The general rule is that .an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were commit *129 ted during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer.”)- Thus, if Dr. Iskandar and Dr. Zubillaga were partners, the partnership could be hable for Dr. Iskandar’s wrongful conduct.
The facts of this case reveal that genuine issues of material fact remain regarding whether Dr. Iskandar’s actions were undertaken during the ordinary course and scope of the partnership business or whether those actions were undertaken with the authority, approval, or ratification of Dr. Zubillaga.
Concerning the scope of employment, only where the facts are completely settled and the inferences to be drawn from the facts lead to but one conclusion can it be said that the issue is one which may be decided by the court as a matter of law. Where there are varying inferences to be made and conclusions to be drawn, the matter is one which should be submitted to a jury.
Burroughs Corp. v. American Druggists’ Ins. Co., 450 So.2d 540, 544 (Fla. 2d DCA 1984). As in M.V. v. Gulf Ridge Council of Boy Scouts of America, Inc., 529 So.2d 1248, 1249 (Fla. 2d DCA 1988), “the intentional tort here is a ‘mixed bag’ involving medically permitted touching followed by unpermitted touching. This created a jury question of whether” Dr. Iskandar’s intentional torts were committed during the course or within the scope of the business of the partnership.
In the alternative, the appellees could be liable to' the appellants if Dr. Iskandar’s conduct were authorized or ratified by Dr. Zubillaga. That issue also involves a question of fact. See One Hour Valet of America, Inc. v. Keck, 157 So.2d 83 (Fla. 2d DCA 1963) (whether agent’s acts were ratified by principal is determinable as question of fact); Deutsche Credit Corp. v. Peninger, 603 So.2d 57 (Fla. 5th DCA 1992) (same).
Accordingly, we reverse the amended final summary judgments and remand for proceedings consistent with this opinion.
Reversed and remanded.
BLUE, A.C.J., and FULMER, J., Concur.