TORPY, C.J.
The question in this case is whether Appellant, Alan Norton, was an “insured” *439 under a liability policy issued by Appellee, Old Republic Insurance Company, at the time Norton was involved in a motor vehicle collision resulting in injuries to Appellant Chris Hubner. The policy was issued to Appellee, Boy Scouts of America, and covered its Registered Volunteers but only while “participating in an Official Scout Activity and in the scope of their duties as such.” The trial court granted summary judgment in a declaratory judgment action initiated by Old Republic, declaring that Norton was not an insured because, although a Registered Volunteer, he was not participating in an official scout activity at the time of the collision. We reverse.
At the time of the automobile collision, Norton was the Director of Advancement and Leadership Training for Boy Scouts of America, Troop 370. His responsibility was to encourage scouts to advance by completing the requirements for whatever badge level they were working toward. Of relevance here, Norton was assisting a scout in completing an Eagle Scout project, which was to clean up a cemetery that had become overgrown by trees and debris. The cleanup took several weeks to complete. Throughout the course of the project, Norton visited the cemetery approximately eight times. On the final day of the project, the cleanup ended around noon. Norton was the last person to leave. As he was leaving, he realized that he did not recall seeing the scout take pictures of the completed project. Norton then drove home to obtain his camera, returned to the cemetery and photographed the completed project with his camera. On the way home after taking the photographs, Norton’s car struck Hub-ner’s ear head-on, seriously injuring himself and Hubner. Norton testified that the sole purpose for the trip was to photograph the cemetery for the scout’s project workbook. He made no other stops during the trip.
The insurance policy issued' to Boy Scouts of America names as insureds the “Registered Volunteers of Boy Scouts of America, but only while participating in an Official Scouting Activity and in the scope of their duties as such.” The policy defines Official Scouting Activity very broadly to include an activity that is “consistent with the values, Charter and Bylaws and Rules and Regulations of Boy Scouts of America.” Appellees concede that Norton was a Registered Volunteer at all material times. They argue nevertheless that Norton was not participating in an Official Scouting Activity at the time of the collision. Specifically, Appellees urge that, because the collision occurred after the conclusion of the cleanup project, Norton’s participation in that activity ended prior to the accident. The trial judge accepted this argument. We disagree because Appel-lees’ argument focuses on the wrong “Activity.” The “Activity” in which Norton was participating was broader than the cleanup of the cemetery. He was providing assistance and encouragement to the scout towards the completion of his Eagle Scout requirement. The physical cleanup of the cemetery was only a part of the activity. . The submission of an official workbook documenting the event was also an essential prerequisite. Norton testified that his purpose in returning to the project was to take photographs for the official project workbook. The promulgated form of notebook includes spaces for before and after photographs. Norton testified that, in his fifty-five years as an adult volunteer for Boy Scouts of America, he had “never seen an Eagle Scout project without photographs.” Had he not been seriously injured, Norton asserted that he would have developed the photographs and delivered them to the scout for inclusion in the workbook. Accordingly, at the time of the collision, Norton was participating in the activ *440 ity of assisting the scout in meeting the Eagle Scout requirement.
Appellees also argue that Norton was acting outside the scope of his duties when he returned to the cemetery to take the pictures because scout rules required the scout to direct the work himself, and the scout did not direct Norton to photograph the cemetery cleanup. Again, we disagree. Even assuming that Norton was overzealous in his efforts to “assist” the scout, his purpose was, nevertheless, to provide that assistance, not to further some personal purpose. It is only when an employee or agent “steps aside from his employment to ... accomplish some purpose of his own” that the act is said to be outside the scope of employment. City of Miami v. Simpson, 172 So.2d 435, 437 (Fla.1965).
As an alternative basis for upholding the trial judge’s conclusion, Appellees argue that the Excess Endorsement to the policy excludes coverage because Norton’s vehicle was not in the “actual use of a Scouting Unit” when the accident occurred. Appellees seem to suggest that coverage is not available unless the vehicle is being used for an activity in which all of the scouts in the unit are participating. We think Appellees’ proffered construction is too narrow. Rather, we conclude that, when a vehicle is used by a Registered Volunteer while participating in an Official Scout Activity, acting within the scope of his duties, it is in the “actual use of the Scouting Unit,” as that phrase is intended in the policy.
REVERSED AND REMANDED.
GRIFFIN and ORFINGER, JJ„ concur.