**Evelyn FALKOWSKI, Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.**

**No. 82–1446.**

United States Court of Appeals, District of Columbia Circuit.

On Remand from the Supreme Court of the United States.

June 21, 1985.

Before ROBINSON, Chief Judge, McGOWAN and WILKEY,* Senior Circuit Judges.

Opinion for the Court filed by Senior Circuit Judge McGOWAN.

McGOWAN, Senior Circuit Judge:

In *Falkowski v. Equal Employment Opportunity Commission*, 719 F.2d 470 (D.C. Cir.1983), this court reversed part of the District Court's grant of summary judgment to the government on claims concerning the representation *vel non* provided to plaintiff-appellant by the government in lawsuits stemming from her employment with the Equal Employment Opportunity Commission (EEOC). The Supreme Court has vacated our judgment in *Falkowski* and remanded the case to us, — U.S. —, 105 S.Ct. 1860, 85 L.Ed.2d 155 for further consideration in light of *Heckler v. Chaney*, — U.S. —, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). After discussing the facts and holding of *Chaney*, we hold that only one of the three causes of action brought before the District Court by the plaintiff remains viable.

## I

*Heckler v. Chaney* involves the reviewability of a decision by the Food and Drug Administration (FDA) not to enforce the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.* (1982), against states using lethal injections as capital punishment. The prisoner-plaintiffs claimed that the drugs had not been tested for the purposes for which they were to be used, and that allowing untrained personnel to administer the drugs was likely to result in excessive suffering. The plaintiffs requested that the FDA take the appropriate enforcement action. 105 S.Ct. at 1652.

The Supreme Court ruled that the FDA's decision was unreviewable under the APA because decisions by an agency not to prosecute are historically within its absolute discretion and because there was "no law to apply" limiting this discretion.

* Sr. Judge Wilkey did not participate in this case on remand.

The Court listed a number of factors that go into an agency's decision not to enforce a statute, and stated that an "agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." 105 S.Ct. at 1656. The Court also noted that the decision not to enforce is similar to the decision not to prosecute, a decision "long ... regarded as the special province of the Executive Branch." *Id.* These factors are justification for a presumption of unreviewability of decisions not to take enforcement action.

■ That presumption of unreviewability may, however, "be rebutted where the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id.* (footnote omitted). The *Chaney* Court gave *Dunlop v. Bachowski*, 421 U.S. 560, 95 S.Ct. 1851, 44 L.Ed.2d 377 (1975), as an example of a case where the presumption was overcome by the statute's substantive guidelines. 105 S.Ct. at 1657. In *Dunlop*, the relevant statute directed that, upon filing of a complaint by a union member that a union election was tainted, "[t]he Secretary [of Labor] shall investigate such complaint and, if he finds probable cause to believe that a violation ... has occurred ... he shall bring a civil action" against the alleged violator. 29 U.S.C. § 482(b) (1982).

In *Chaney* itself, in contrast, the language at issue was the general provision on enforcement of all parts of the relevant statute, which stated simply that "[t]he Secretary [of Health and Human Services] is authorized to conduct examination and investigations," 21 U.S.C. § 372(a) (1982), and a handful of provisions setting forth specific remedies but no specific standard as to when their use is proper. 105 S.Ct. at 1658. The Court dismissed a "policy statement" of the FDA, upon which the Court of Appeals had relied heavily, as of questionable authority and in conflict with an agency rule. *Id.*

Taking all these factors into consideration, the *Chaney* Court held that the FDA's decision not to enforce the statute was unreviewable:

> The FDA's decision not to take the enforcement actions requested by respondents is therefore not subject to judicial review under the APA. The general exception to reviewability provided by [5 U.S.C.] § 701(a)(2) for action "committed to agency discretion" remains a narrow one, see *Overton Park*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 ... (1971), but within that exception are included agency refusals to institute investigative or enforcement proceedings, unless Congress has indicated otherwise. In so holding, we essentially leave to Congress, and not to the courts, the decision as to whether an agency's refusal to institute proceedings should be judicially reviewable. No colorable claim is made in this case that the agency's refusal to institute proceedings violated any constitutional rights of respondents, and we do not address the issue that would be raised in such a case.

105 S.Ct. at 1659.

## II

The EEOC can recommend to the Department of Justice (DoJ) that one of its employees be represented by the government in a lawsuit involving the employee. The Department of Justice then makes the final decision as to whether or not to provide representation. *See* 28 U.S.C. § 516 (1982).

Ms. Falkowski brought three causes of action before the District Court that accused the government of illegal action in connection with its decisions regarding the representation of Ms. Falkowski, who became embroiled in a wide-ranging series of lawsuits as a result of internecine disputes with her fellow employees. *See generally Falkowski*, 719 F.2d at 472–76 (discussing facts and procedural history of case).

The first cause of action involved the lawsuit styled *Perry v. Golub*. We affirmed the District Court's dismissal of this cause of action. *Id.* at 478–79. The second cause of action was against the EEOC for its role in the suit styled *Perry v. Falkowski*. We reversed the District Court's

grant of summary judgment with respect to this cause of action. *Id.* at 479–80. The third cause of action was against DoJ for its role in *Perry v. Falkowski.* We reversed the District Court's grant of summary judgment with respect to this cause as well. *Id.* at 480–83.

*Chaney* does not affect our decision with respect to the first or second causes of action. On these issues, we therefore allow our earlier rulings to stand. With respect to the third cause of action, *Chaney* requires us to change our earlier course and affirm the District Court's dismissal.

### A. Plaintiff's First Cause of Action

■ In her first cause of action, Ms. Falkowski accused the EEOC of discriminatory and retaliatory denial of adequate government legal representation in *Perry v. Golub,* one of the suits generated by events occurring while Ms. Falkowski was employed by the EEOC. 719 F.2d at 477. We held that this cause of action was collaterally estopped. *Chaney* obviously does not speak to this issue. We reiterate our affirmance of the District Court's dismissal of this cause of action, for the reasons set forth in our earlier opinion. 719 F.2d at 478–79.

### B. Plaintiff's Second Cause of Action

■ Ms. Falkowski's second cause of action involved the EEOC's actions with respect to representation for Ms. Falkowski in the suit of *Perry v. Falkowski,* another of the suits arising from events occurring at the time of Ms. Falkowski's employment with the EEOC. The EEOC in fact recommended that DoJ represent Ms. Falkowski, but not until its delay in doing so had forced Ms. Falkowski to retain private counsel to respond to the complaint against her before the deadline for filing an answer had passed. 719 F.2d at 476.

Ms. Falkowski accused the EEOC of intentionally mishandling her recommendation so as to undercut the force of its formal favorable recommendation, and of being motivated to do so by discrimination prohibited by Title VII. *Id.* at 480. We acknowledged that Ms. Falkowski faced a heavy evidentiary burden in proving her case, but held that the EEOC's three-month delay in acting on Ms. Falkowski's request could indicate discriminatory animus on the part of the EEOC, and thus that the District Court was incorrect to grant summary judgment for the EEOC. *Id.*

This cause of action does not involve the challenge of an agency's decision not to take action as arbitrary and capricious. Ms. Falkowski does not challenge the agency's eventual decision; indeed, the EEOC eventually took the action requested by Ms. Falkowski. The issue is rather whether the EEOC's delay in taking that action was a result of discrimination prohibited by Title VII. *Chaney* involved no such claims of discriminatory animus, and explicitly reserved the question of whether agency inaction was unreviewable when constitutional claims were involved. 105 S.Ct. at 1659. For all these reasons, we believe that *Chaney* does not prohibit Ms. Falkowski from proceeding with her second cause of action. For the reasons stated in our earlier opinion in this case, then, we hold that Ms. Falkowski may go forward with her second cause of action. *See* 719 F.2d at 480.

### C. Plaintiff's Third Cause of Action

■ In her third cause of action, Ms. Falkowski accused the Department of Justice of arbitrarily and capriciously denying her request for counsel in *Perry v. Falkowski.* Under the standard set forth in *Heckler v. Chaney,* the decision by DoJ not to act is unreviewable.

In our earlier opinion in this case, we found unpersuasive the government's contention that its decision was unreviewable. *See* 719 F.2d at 481 n. 16. The government advanced several related grounds for its argument. It argued that the non-mandatory language of the relevant regulations gave DoJ discretion in deciding whether DoJ would represent, or pay for the private representation of, governmental employees. It asserted that the diversion of DoJ's resources to defending against claims like Ms. Falkowski's would reduce its effective-

ness in its congressionally assigned mission of defending other federal employees. It pointed to the myriad factors bearing upon the decision to provide representation, and argued that DoJ is better suited to such a task than are the courts. We turned away each argument as insufficiently weighty to overcome the usual presumption of reviewability.

In light of *Chaney*, however, we now hold that DoJ's contentions are sufficient to overcome the presumption of reviewability. The decision to refuse to provide legal representation is admittedly less similar to the historically protected exercise of prosecutorial discretion than was the decision at issue in *Chaney* to refuse to bring an action to enforce a statute. Equally important to the Supreme Court's decision, however, were the superiority of the agency as a decisionmaker on the questions at issue and the absence of any congressional pronouncements cabining the agency's discretion. Because of the applicability of these two latter grounds to this case, DoJ's action is unreviewable.

Deciding whether to provide counsel for a governmental employee is in many ways analogous to deciding whether to enforce a statute. Congress granted HHS broad, discretionary authority to enforce the Federal Food, Drug, and Cosmetic Act. Congress gave DoJ broad, discretionary authority to provide federal employees with private counsel. *See* 719 F.2d at 477 n. 13. Both the decision in *Chaney* not to enforce the statute at issue there and the decision here not to provide counsel must therefore occur in the absence of explicit congressional guidance. In addition, both decisions involve the allocation of an agency's scarce legal resources, decisions better suited to the expertise of the agency than of the courts. We hold that, on the facts of this particular case, the similarities between *Chaney* and this case outweigh the differences. We therefore affirm the District Court's dismissal of Ms. Falkowski's third cause of action, on the grounds that the DoJ's decision not to provide her with counsel was within the agency's unreviewable discretion.

*So Ordered.*