**Evelyn FALKOWSKI, Appellant,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al.**

**No. 82–1446.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 18, 1986.

Hope Eastman, was on appellant's petition for rehearing.

Before ROBINSON, Chief Judge, GINSBURG, Circuit Judge, and McGOWAN, Senior Circuit Judge.

ON PETITION FOR REHEARING
Opinion PER CURIAM.

PER CURIAM:

On remand of this case from the Supreme Court,[1] we affirmed in part and reversed in part the judgment of the District Court under challenge.[2] We analyzed appellant's third cause of action in light of the Court's decision in *Heckler v. Chaney,*[3]

---

1. See *United States Dep't of Justice v. Falkowski,* —— U.S. ——, 105 S.Ct. 1860, 85 L.Ed.2d 155 (1985).

2. See *Falkowski v. Equal Employment Opportunity Comm'n,* 246 U.S.App.D.C. 274, 764 F.2d 907 (1985).

3. —— U.S. ——, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

and held that the refusal of the Department of Justice to provide appellant with counsel fell within the " 'very narrow' "[4] exception to the presumption of reviewability carved out by Section 701(a)(2) of the Administrative Procedure Act[5] for action committed to agency discretion.[6] We see no reason to retreat from that view, and accordingly deny the petition for rehearing filed by petitioner and supported by amicus curiae.

Congress empowered the Attorney General to send a lawyer into court "to attend to the interests of the United States."[7] Congress has provided no further guide to exercise of this authority, however, and the Attorney General has imposed no self-restraint through regulation[8] or practice.[9] We have previously recognized both the entirely discretionary nature of the power[10] and the breadth of that discretion.[11] As we noted more definitively in our earlier opinion,[12] neither the statute, nor any regulation, nor any administrative practice cabins this discretion or furnishes any standard by which to review the Attorney General's determinations in this area.[13]

We further observe that the Attorney General has long possessed the power to decide whether to provide counsel for a federal employee. This power dates back at least to the establishment of the Department of Justice in 1870,[14] and agents of the Attorney General have appeared in court to defend federal employees at least since 1821.[15] Although administrative decisions on provision of an attorney may not have enjoyed the deference traditionally commanded by those on prosecutions and enforcement actions,[16] we certainly can say that in each of these situations, the Attorney General acts in the context of a lengthy history of discretionary authority.

We face in this case no colorable claim that the Department's refusal to furnish appellant with a lawyer transgresses any constitutionally protected right, and we in-

**4.** *Id.* at ——, 105 S.Ct. at 1655, 84 L.Ed.2d at 723, quoting *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 411, 91 S.Ct. 814, 820, 28 L.Ed.2d 136, 150 (1971).

**5.** 5 U.S.C. § 701(a)(2) (1982).

**6.** *Falkowski v. Equal Employment Opportunity Comm'n, supra* note 2, 246 U.S.App.D.C. at 277–278, 764 F.2d at 910–911.

**7.** 28 U.S.C. § 517 (1982).

**8.** See 28 C.F.R. §§ 50.15–50.16 (1981).

**9.** Appellant and amicus assert that the Department of Justice always provides counsel to federal employees sued on account of action taken or omitted in the course of their employment. We have observed in this very litigation, *Falkowski v. Equal Employment Opportunity Comm'n,* 231 U.S.App.D.C. 226, 719 F.2d 470 (1983), that "cases in which federal defendants had been denied government-provided legal counsel were apparently few and far between." *Id.* at 238, 719 F.2d at 482. We note, however, that in at least one recent case, *Ryan v. United States,* No. 3779C (Ct.Cl. May 1, 1981), the court rejected a claim not dissimilar to appellant's. In *Ryan,* the Department refused reimbursement of attorneys' fees incurred by an officer of the Federal Bureau of Investigation in the course of his subpoenaed appearance before a grand jury investigating FBI activities.

**10.** *Expeditions Unlimited Aquatic Enters. v. Smithsonian Inst.,* 184 U.S.App.D.C. 397, 400 n. 7, 566 F.2d 289, 292 n. 7 (*en banc* 1977), *cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).

**11.** *Booth v. Fletcher,* 69 App.D.C. 351, 356–357 & n. 20, 101 F.2d 676, 681–682 & n. 20 (1938), *cert. denied,* 307 U.S. 628, 59 S.Ct. 835, 83 L.Ed. 1511 (1939).

**12.** 246 U.S.App.D.C. at 278, 764 F.2d at 911.

**13.** See *Heckler v. Chaney, supra* note 3, —— U.S. at ——, 105 S.Ct. at 1655, 84 L.Ed.2d at 723; *Citizens to Preserve Overton Park v. Volpe, supra* note 4, 401 U.S. at 410, 91 S.Ct. at 821, 28 L.Ed.2d at 150.

**14.** See Act of June 22, 1870, ch. 150, § 17, 16 Stat. 162, 164 (historically codified at Rev.Stat. tit. 8, § 367 (2d ed. 1878) in substantially the present form).

**15.** See *Anderson v. Dunn,* 19 U.S. (6 Wheat.) 204, 218, 5 L.Ed. 242, 245 (1821); see also *Booth v. Fletcher, supra* note 11, 69 App.D.C. at 356–357 & n. 20, 101 F.2d at 681–682 & n. 20.

**16.** Neither appellant, nor amicus, nor our independent research indicates, however, any failure to accord such deference to the Attorney General's discretion to afford representation. Apparently, the exercise of this discretion has never been successfully challenged.

timate no view as to the outcome proper were that the case.[17] The record does not reveal, as appellant apparently would have us find, that she has been treated so dissimilarly from similarly situated employees as to implicate constitutional concerns.[18] We are loath to suggest that the Attorney General may not, in exercising his discretion, consider how blameworthy or litigation-prone the employee seeking representation may be. Assistance to employees in these categories can drain the limited personnel and financial resources of the Department of Justice not only directly, by increasing the burden of representation, but also indirectly, by requiring the defense of a spate of suits seeking representation notwithstanding that the Attorney General has found it to be incompatible with the interests of the United States.[19]

We emphasize that we do not read *Heckler v. Chaney*[20] to require us to shift the general presumption of reviewability[21] to one of unreviewability for the purposes of this case, and we have not done so.[22] As we have heretofore had occasion to observe,[23] *Chaney* "concerned an agency's *refusal to take enforcement action under a statute,*" and "[h]ence, judicial review was inappropriate because of the lack of statutory guidelines and the longstanding tradition of absolute discretion in prosecutorial decisionmaking."[24] Here we conclude simply that some of the factors that led the *Chaney* Court to establish a presumption of unreviewability for agency enforcement decisions convince us that any presumption of reviewability of representation decisions has been rebutted.

*Petition for rehearing denied.*

---

**17.** Compare *Heckler v. Chaney, supra* note 3, —— U.S. at ——, 105 S.Ct. at 1659, 84 L.Ed.2d at 728.

**18.** See generally *Ryan v. United States, supra* note 9; see also Letter from Assistant Attorney General Barbara Allen Babcock to EEOC General Counsel Abner W. Sibal, Nov. 3, 1978, Appendix 112 (stating that the primary reason for refusing to afford representation was the disinclination of the Department of Justice to participate in the funding of the "latest arena" for the protracted and bitter dispute between appellant and Bertram Perry).

**19.** See *Heckler v. Chaney, supra* note 3, —— U.S. at ——, 105 S.Ct. at 1656, 84 L.Ed.2d at 724; *Falkowski v. Equal Employment Opportunity Comm'n, supra* note 2, 246 U.S.App.D.C. at 278, 764 F.2d at 911.

**20.** *Supra* note 3.

**21.** See note 4 *supra* and accompanying text.

**22.** See *Falkowski v. Equal Employment Opportunity Comm'n supra* note 2, 246 U.S.App.D.C. at 278, 764 F.2d at 911.

**23.** *California Human Dev. Corp. v. Brock*, 246 U.S.App.D.C. 65, 69 n. 28, 762 F.2d 1044, 1048 n. 28 (1985).

**24.** *Id.* (emphasis in original); see also *Robbins v. Reagan*, 780 F.2d 37, 44–46 (D.C.Cir.1985) at 13–17 ("[Chaney's] requirement of an amplified level of discernible standards controlling the agency's discretion is not applied ... where agency action not analogous to enforcement decisions is involved"); *Cardoza v. Commodities Futures Trading Comm'n*, 768 F.2d 1542, 1549 (7th Cir.1985) (reading *Chaney* as not requiring application of a presumption of unreviewability to a situation not involving an agency nonenforcement decision).