**Evelyn FALKOWSKI, Plaintiff,**

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, et al., Defendants.**

**Civ. A. No. 81–1776.**

United States District Court, District of Columbia.

Aug. 2, 1988.

Owen E. Perry, Reising, Ethington, Barnard, Perry & Milton, Troy, Mich., for plaintiff.

John R. Bolton, Asst. Atty. Gen., J.B. Stephens, U.S. Atty., Anne M. Gulyassy, Karen Stewart, Attys., Dept. of Justice, Federal Programs Branch, Civ. Div., Washington, D.C., for E.E.O.C.

## STIPULATION AND ORDER OF DISMISSAL

JOHN LEWIS SMITH, Jr., District Judge.

The parties have settled this dispute and, subject to the approval of the Court, stipulate to the matters set forth below and jointly request publication of this Stipulation and Order of Dismissal for the reasons set forth in Paragraph 20 below.

### A. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter and the parties.

2. Venue is proper.

### B. FACTS

3. Plaintiff, Evelyn Falkowski, initiated this action in 1981 for purposes including the recovery of losses to her occasioned by the harm of incorrect allegations against her as an EEOC District Director by former EEOC employee Bertram N. Perry; especially in suits by him against her and other EEOC officials.

4. This action named the Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the United States Department of Justice ("DOJ") under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*

5. There are both published and unpublished judicial decisions in this and related litigation that refer to allegations raised in *Perry v. Golub* concerning the employment performance of Ms. Falkowksi and other EEOC employees.

6. No court or agency has every ruled definitively on the merits of plaintiff's Title VII allegations.

7. No published record completely and accurately reflects the disposition of actions that were proposed against plaintiff by the EEOC in 1975 and 1977, which actions are referred to in published decisions on interlocutory proceedings in cases never tried on the merits.

8. There are both published and unpublished judicial decisions in *Perry v. Golub* and *Perry v. Falkowski,* and the parties desire that the published record reflect that Bertram N. Perry withdrew both his suits against Evelyn Falkowski after she prepared for trial and that neither case was ever tried.

9. The United States Court of Appeals, District of Columbia Circuit, has ruled in this action in decisions published at 719 F.2d 470 (1983) and 764 F.2d 907 (1985). As a result, plaintiff's cause of action is limited to a Title VII claim against the EEOC only.

10. The parties, in noting formal resolution of the remaining cause of action, wish to correct the published record insofar as it suggests improper conduct on the part of Evelyn Falkowski as an EEOC employee, and the EEOC itself.

11. On two occasions while Ms. Falkowski was Director and Bertram N. Perry was Deputy Director of the EEOC's Birmingham District Office, Bertram N. Perry named Evelyn Falkowksi as co-defendant in suits against other EEOC officials. Bertram Perry eventually moved to dismiss both suits after Ms. Falkowski prepared for trial. Each motion for voluntary dismissal by Mr. Perry was granted by a United States District Court Judge in the Northern District of Alabama.

12. The first suit brought by Mr. Perry in opposition to a proposed involuntary transfer, styled as *Perry v. Golub,* 400 F.Supp. 409 (N.D.Ala.1975) was dismissed as moot by an unpublished decision after

interlocutory proceedings, with underlying proceedings vacated so as to spawn no consequences, 594 F.2d 862 (5th Cir.1979). Prior to that, Mr. Perry obtained a preliminary injunction against his transfer based upon, *inter alia,* a now vacated finding that the EEOC sought to transfer him for reporting Ms. Falkowski to the United States Attorney in Birmingham. Neither the EEOC nor Evelyn Falkowski has any record that a United States Attorney ever questioned Ms. Falkowski regarding any such report, or charged her with any wrongdoing as a result of such report. Further, when she had opportunity to answer the queries referred to in the decision, *Perry v. Golub,* 400 F.Supp. 409 (N.D.Ala. 1975), EEOC brought no charges against her because there was no basis for any.

13. The second suit filed in 1978 by Bertram Perry against Ms. Falkowski and another EEOC official, styled as *Perry v. Falkowski,* No. CA–78–M–0935–B (N.D. Ala.) arose from the recording and use of a conversation between Ms. Falkowski and Mr. Perry. Ms. Falkowski's defenses, included, *inter alia,* (1) that the recording confirmed reports previously not credited, (2) that it showed that a report of the conversation by Mr. Perry was misleading, and (3) that the recording was within applicable exemptions to prohibitions against electronic surveillance based on 18 U.S.C. § 2511(2)(c) and (d). In the recorded conversation, Bertram Perry directed a regrettable stream of obscenities and racial and sexist epithets at Ms. Falkowski. Mr. Perry's employment with the EEOC was recently terminated based upon verified evidence that, over an extended period of time, Bertram Perry had treated numerous other employees in the Birmingham District Office in a "grossly abusive and offensive manner." See *Bertram N. Perry v. Clarence Thomas, et al.,* 691 F.Supp. 1323, 1325 (N.D.Ala.1988) (copy attached).

14. In July, 1975, prior to these suits, and based on reports by Bertram Perry, the EEOC withdrew a portion of Ms. Falkowski's authority as District Director. This action by the EEOC became the subject of a lawsuit filed by Ms. Falkowski on April 18, 1976, styled as *Falkowski v. Lowell Perry,* C.A. 76–G–0545–S (N.D.Ala.). The EEOC subsequently ascertained that Ms. Falkowski's authority had been withdrawn in error. This lawsuit was dismissed as moot after the EEOC established that Ms. Falkowski's full authority as District Director had been restored on May 3, 1976. Ms. Falkowski was awarded attorney fees for certain expenses incurred in the litigation of *Falkowski v. Lowell Perry.*

15. In August, 1975, the EEOC proposed to reassign Ms. Falkowski from her position as District Director. Ms. Falkowski filed a pleading in the district court for the Northern District of Alabama challenging her reassignment. The EEOC informally agreed that her proposed involuntary reassignment would not be implemented, and plaintiff withdrew her pleading challenging her reassignment.

16. Ms. Falkowski was offered a lateral transfer to a position in Washington, D.C. in 1979, which she voluntarily accepted.

17. A newspaper record (Huntsville Times, October 28, 1958) shows that Ms. Falkowski sought an end to racial segregation in Alabama prior to the creation, in 1964, of EEOC and long prior to EEOC employing her in 1967.

18. Ms. Falkowski opened the EEOC's District Office in Jackson, Mississippi, was District Director there from 1971 through most of 1974, and the office won an award for outstanding performance during her tenure. She was District Director in Birmingham, Alabama from 1974 until 1979, when she accepted a position at the same GS level with EEOC in Washington where she held several GS–15 positions prior to leaving the agency in 1988 for other employment.

### C. CROSS RELEASES

19. The parties release each other from all claims, counterclaims, and cross claims that have been made, or could have been made, out of the acts, omissions or events which form the basis of this and the related litigation, including any claim for attorney

**1336**

fees or costs for work performed in this action, except as set forth in paragraph 21, below. It is the intention of the parties and the court that this Stipulation and Order of Dismissal will conclude all litigation between the parties arising out of any such acts, omissions and events, and that this judgment shall be a bar to any future litigation between the parties arising out of any such acts, omissions and events.

### D. PUBLICATION

20. The parties respectfully request the court to publish this Stipulation and Order of Dismissal in the official reporter in order to correct the unfair stigma against Ms. Falkowski as an EEOC District Director, and against EEOC itself.

### E. ATTORNEY FEES

21. Each party shall bear its own costs and attorney fees, except as the parties have otherwise agreed in a Settlement Agreement executed on July 26, 1988.

### F. DISMISSAL WITH PREJUDICE

22. The parties agree to dismissal of this action, with prejudice, pursuant to Rule 41, Fed.R.Civ.P.

### ORDER

Pursuant to the foregoing stipulation of the parties, which hereby is approved by this Court, it is this 30th day of July, 1988:

ORDERED, that this action be and hereby is dismissed with prejudice. Each party shall bear its own costs.