957 F.2d 911
 294 U.S.App.D.C. 162
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Diana M. CORTO, Appellant,
v.
The JOHN F. KENNEDY CENTER FOR the PERFORMING ARTS, et al.
Diana M. CORTO, Appellant,
v.
NATIONAL SCENERY STUDIOS, INC., et al., The John F. Kennedy
Center for the Performing Arts, et al.
Diana M. CORTO, Appellant,
v.
JOHN F. KENNEDY CENTER, et al.
Diana M. CORTO, Appellant,
v.
JOHN F. KENNEDY CENTER, et al.
Diana M. CORTO, Appellant,
v.
The JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS,
 Nos. 91-5043, 91-5068, 91-5203 and 91-5222.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 24, 1992.
 
 Before MIKVA, Chief Judge, and RUTH B. GINSBURG and BUCKLEY, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellees' motion to dismiss filed in Case No. 91-5203, and the opposition thereto; appellant's procedural motions filed in Case Nos. 91-5043 and 91-5068, the responses thereto and the reply; appellee Kennedy Center's motion to dismiss filed in Case Nos. 91-5043 and 91-5068 and the opposition thereto; appellant's motion for order directing court reporter to prepare transcript filed in Case Nos. 91-5043 and 91-5068; appellant's motion to supplement the record filed in Case No. 91-5222; appellee's motion for summary affirmance filed in Case No. 91-5222, the opposition thereto and the reply; and appellant's motion to file opposition out of time and affirmation in further opposition to the motion, it is
 
 
 2
 ORDERED that all motions to dismiss be denied. Because a final judgment has been rendered in the case, the interlocutory orders at issue here have merged with the district court's final order and are reviewable. See Ash v. Cvetkov, 739 F.2d 493 (9th Cir.), cert. denied, 470 U.S. 1007 (1984) ("interlocutory rulings otherwise unappealable merge into final judgment and become reviewable"). It is
 
 
 3
 FURTHER ORDERED, on the court's own motion, that the above-captioned cases be consolidated. It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that appellant show cause within twenty-one days of the date of this order why all district court orders appealed from in Case Nos. 91-5043, 91-5068 and 91-5203 should not be summarily affirmed. These orders are, respectively: (1) January 3, 1991 order dismissing tort claims against individually-named defendants; (2) January 24, 1991 order denying motion to obtain transcripts of January 3rd hearing; and (3) June 3, 1991 order granting the Kennedy Center additional time to respond to appellant's motion to disqualify the U.S. Attorney. It is
 
 
 5
 FURTHER ORDERED that appellant's procedural motions filed in Case Nos. 91-5043 and 91-5068 be denied, except with respect to appellant's request that Case Nos. 91-5043 and 91-5068 be consolidated. Appellant has failed to demonstrate good cause for granting the proposed extensions of time and her request that the U.S. Attorney be disqualified is without merit. See Falkowski v. EEOC, 783 F.2d 252, 253 (D.C.Cir.), cert. denied, 478 U.S. 1014 (1986) (decisions of Department of Justice concerning whom to represent are not reviewable). It is
 
 
 6
 FURTHER ORDERED that appellant's motion to prepare transcripts be denied. As the relevant facts concerning the statute of limitations issue have been admitted by appellant, the transcript is "not needed to decide the issue presented by the ... appeal." 28 U.S.C. § 753(f). It is
 
 
 7
 FURTHER ORDERED, on the court's own motion, that appellee Kennedy Center show cause within fourteen days of the date of this order why the district court's final order, granting the Center's motion for summary judgment, on appeal in Case. Co. 91-5222, should not be vacated and remanded because the district court did not give pro se plaintiff Corto an "explanation of the risks attending failure to respond." See Fox v. Strickland, 837 F.2d 507, 509 (D.C.Cir.1988). It is
 
 
 8
 FURTHER ORDERED that Case No. 91-5204 be dismissed as moot. In that appeal, appellant seeks review of the May 31, 1991 order granting defendants' motions to certify as a final judgment the court's January 3, 1991 order dismissing individual defendants Hibey and Goldman. In view of the final judgment entered by the district court, the propriety of this order is now moot. It is
 
 
 9
 FURTHER ORDERED that consideration of all other motions filed in Case No. 91-5222 be deferred until further disposition of this appeal.
 
 
 10
 The Clerk is directed to send a copy of this order to the parties both by certified mail, return receipt requested, and by first class mail.