**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-1618

———————

RORY M. WALSH,
                                        Appellant

v.

BRIAN J. GEORGE, Board for the Correction of Naval Records;
W. DEAN PFEIFFER, Board for the Correction of Naval Records;
LTCOL R. P. BUTTRAM, MMMA-3; MR. M. NEWMAN, MMMA-3;
JAMES L. JONES, JR.; JAMES F. AMOS, HQ Marine Corps;
THE DEPARTMENT OF THE NAVY, Office of the Secretary of the
Navy; THE UNITED STATES OF AMERICA

———————————————————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-14-cv-01503)
District Judge:  Honorable Sylvia H. Rambo

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 14, 2016

Before:  CHAGARES, KRAUSE and GREENBERG, Circuit Judges

(Opinion filed:  May 26, 2016)

———————

OPINION[*]

———————

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rory Walsh appeals the District Court's orders dismissing his complaint and denying his motion for reconsideration. For the reasons below, we will affirm the District Court's judgment.

Walsh filed a complaint alleging, inter alia, that Appellees wrongfully interfered with his efforts to correct his military records, denied him access to a Navy complex, denied him disability benefits, intercepted correspondence between third parties, and stalked him and his family. The District Court dismissed his complaint for failure to state a claim and denied Walsh's motion for reconsideration. Walsh appealed.

In his brief, Walsh seeks to challenge several rulings by the District Court.[1] His challenges are without merit. The District Court's stay of discovery to allow the Appellees time to respond to the complaint did not constitute an abuse of discretion. See In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001) (not an abuse of discretion to stay discovery while considering motion to dismiss). Because discovery had been stayed, the District Court did not err in denying Walsh's motion for summary judgment.

Nor did the District Court abuse its discretion in granting Appellees an extension of time to respond to the complaint and denying his request for a default judgment against Jones. Walsh has not shown any prejudice from the denial of the default, Jones had a litigable defense, and there is nothing to show that the delay was due to any

_____

[1] Walsh briefly mentions the District Court's analysis of the merits of some of his claims. The District Court did not err in dismissing Walsh's claims, and we have nothing to add to its thorough analysis.

culpable conduct.  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (discussing factors to consider in reviewing refusal to enter default judgment).  Moreover, the default motion was premature.  While Walsh stated that Jones was served on August 13, 2014, his own exhibits reflect that a process server posted the documents to the front door of Jones's purported residence on August 18th.  Thus, Walsh's September 4th motion for a default judgment was filed before the earliest possible deadline for Jones to respond -- September 8th.  See Fed. R. Civ. P. 12(a)(1)(A)(i) (responsive pleading due 21 days after service); Fed. R. Civ. P. 12(a)(2)&(3) (responsive pleading from United States employee due 60 days after service).

Walsh challenges the denial of his request for injunctive relief against Jones. Walsh alleged that the FBI's surveillance of his family alerted Jones to their lunch plans and he drove from Virginia to Pennsylvania to stalk Walsh and his family.  When Walsh and his sons went after lunch to a nearby store to buy a video, Jones allegedly "lunged" at him twice to try to start an incident and then preceded the family into the store.  Walsh and his sons went into the store, bought their video and left.[2]  In affidavits, Walsh's sons stated only that a man was "waiting, apparently to create an incident."  They stated that their father told them that the man was Jones.  They admitted that they purchased their

---

[2] Walsh does not explain why he and his sons continued to go into the store after Jones had gone in or why they did not call the police right away if Jones's alleged presence was such a serious issue.

video without further incident.[3]  The District Court did not abuse its discretion in denying injunctive relief based on these allegations.[4]  To the extent that Walsh is requesting that criminal charges be brought against Jones, there is no federal right to require the government to initiate criminal proceedings.  Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also United States v. Berrigan, 482 F.2d 171, 173-74 (3d Cir. 1973) (Government is permitted some selectivity in its enforcement of criminal laws).

Walsh challenges the District Court's denial of his motion to disqualify opposing counsel and its allowing Jones to be represented by an Assistant United States Attorney. There was no abuse of discretion by the District Court:  Walsh did not assert any allegations regarding opposing counsel which would be sufficient to disqualify her. Moreover, Walsh cannot challenge the AUSA's representation of Jones.  See Falkowski v. EEOC, 783 F.2d 252, 253-54 (D.C. Cir. 1986) ("Congress empowered the Attorney General to send a lawyer into court 'to attend to the interests of the United States'" and

---

[3] The United States District Court for the District of Columbia described Walsh's stalking allegations as "simply another frivolous claim based on a bizarre Government conspiracy theory."  Walsh v. Jones, Civ. No. 13-cv-928 (D.D.C. June 3, 2014).  That court also summarized Walsh's previous cases and sua sponte ordered Walsh to show cause why an injunction limiting future filings should not issue.  In a September 2015 order, the District Court noted that after a hearing, the parties agreed to dismiss the case with prejudice, Walsh waived any appeal, and the request for a filing injunction was denied without prejudice to reopening if Walsh filed a future action in federal court.  Walsh v. Jones, Civ. No. 13-cv-928 (D.D.C. Sept. 29, 2015).

[4] Walsh also argues that he was entitled to injunctive relief because Jones had the FBI intercept mail meant for the President and the Department of Justice.  Walsh did not make any specific, factual allegations that would entitle him to such relief.

4

there is no statutory or regulatory basis to review the Attorney General's exercise of discretion).

Walsh argues that the District Court should have allowed him to amend his complaint to raise a claim under the Privacy Act after the Appellees submitted documents from his military file in response to his claims. We review the District Court's denial of leave to amend for an abuse of discretion. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). As ably explained by the District Court, see Dist Ct. Memo. at 14-16, Walsh failed to state a claim under the Privacy Act. See 5 U.S.C. § 552a(b); 32 C.F.R. § 701.112; 28 C.F.R. § 16.23(a). The District Court did not abuse its discretion in denying Walsh leave to amend.

Walsh also challenges the District Court's denial of his motion for reconsideration in which he sought to bring a claim under the Administrative Procedures Act. As noted by the District Court, Walsh originally disavowed any such claim and, moreover, did not allege that the decision of the Board for Correction of Naval Records (BCNR) was arbitrary or capricious.[5] It was not an abuse of discretion to deny Walsh leave to amend to add this claim.

Walsh complains that the District Court denied his motion to exceed the page limit for his brief in opposition to Appellees' motion to dismiss. As a general rule, the manner

---

[5] An attachment to a recent letter submitted by Walsh pursuant to Fed. R. App. P. 28(j) indicates that a BCNR case would be opened to review his evidence. Because Walsh's suit here does not seek direct review of the BCNR's decision, any reopening by the BCNR does not affect our appellate jurisdiction.

in which a court disposes of cases on its docket is within its discretion. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Walsh has not explained why he needed an overlong brief to make his arguments.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. Walsh's motions are denied. Walsh is advised that repetitive and vexatious litigation may lead to filing restrictions and sanctions. See In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982).